Brockknjíroug'h, J.
It is difficult in this case for an appellate court to perceive any ground for a new trial. It is true that the declaration charges Callaghan and Ball as joint purchasers of the pork in the proceedings mentioned, and it is hence evident that one of the questions before the jury was, whether they were in fact partners in the transaction. It is also true that the evidence of Hunter bears strongly on the point, as it tends to prove the declaration of Kippers the plaintiff that he contracted wdth Ball and not with Callaghan, and that it was not discovered till after the verdict that Hunter could prove such declaration. But still we are entirely in the dark as to what would have been the value of this evidence if it had been heard by the former jury, and as to the importance which a future jury ought to attach to it. We have not heard the evidence given at the trial; it is not contained in the bill of exceptions which the defendant below took to the opinion of the court refusing the new trial, nor is it, nor the facts which were proved, certified by the judge. It may be that the same facts were proved by other witnesses, and that the effect of such testimony was entirely defeated by counter evidence produced by the plaintiff. It would seem from sundry depositions which have been improperly copied into this record, that the defendant was aware of other testimony as strong as Hunter,s, to the same point; and if the evidence of those witnesses was heard, there must have been still stronger evidence on the other side, at least in the estimation of the jury, and most probably in the opinion of the court. I cannot think it right for this court to direct another experiment to be made, whether this additional witness to prove the same fact heretofore proved may not induce another jury to give a different verdict. The discovery of cumulative facts and circumstances, relating to the same matter which was controverted on the former trial, has not been considered as a good ground for grant *612 ing a new trial. Smith v. Brush &c. 8 Johns. Rep. 86. Steinback v. Columbian Ins. Co. 2 Caines 132.
In this case, the judge of the circuit court had a much better opportunity of judging of the importance of this new witness, than we can possibly have. He heard all of the evidence on both sides, and we must rely on his judgment, unless we were furnished with the means of ascertaining that he clearly erred. There are no such means, and I am for affirming the judgment.
Carr, J.
This is an appeal from a refusal of the court below to grant a new trial. The motion rests on the ground of a witness discovered since the verdict, whose evidence the defendant thinks would have made an important change in the aspect of his case before the jury. The import of the evidence is set out in his affidavit, and also in that of the witness himself. It is clear that it is pertinent to the issue; what its weight would have been with the jury, or ought to have been, we cannot say. When a motion is made for a new trial, on the ground of a verdict contrary to evidence, the court to whom that motion is addressed has heard all the evidence, and seen the manner in which it was given; yet even that court ought not to grant a new trial, unless in a case “of a plain deviation, and not of a doubtful one, merely because the court, if on the jury, would have given a different verdict; since that would be to assume the province of the jury, whom the law has appointed the triers.” This was laid down by judge Roane in the case of Ross v. Overton, 3 Call 319. and has often been repeated since, especially in the case of Brugh v. Shanks, decided here, and reported in 5 Leigh 598. In the case before us, the judge u ho presided had heard and seen the witnesses, and he did not think the new evidence authorized him to disturb the verdict. How can we say he was wrong? We know not what evidence was before the jury. We see *613 from the record, that this new witness does not go to prove a fact as to which there was no proof before the jury, for there were others, whose depositions are in the record, shewing that they testified to the same fact. But the opposing evidence is not before us. There might have been double the number of witnesses, and of greater credit, on the part of the plaintiff. The court below heard that evidence: we know nothing about it. Even if the evidence had been spread upon the record, the appellate court could not, on its view of it, reverse the judgment of a court below refusing to grant a new trial; because in such case the appellate court could not have the same lights which were before the trying court. This is most clearly and strongly laid down by judge Roane, delivering the opinion of the court in Bennett v. Hardaway, 6 Munf. 125. He says—“ This court only sees the evidence on the record, and on paper; the credit of every witness is the same, who is not positively impeached. This would be for this court not only to revise and reverse the opinion of the court below on a question touching the weight of evidence and the credit of witnesses, but to do it in the dark, or at least with lights inferiour to those possessed by that court. That court, while it can faithfully transmit to this the actual words spoken by the witnesses, can give it no fac simile of the manner of testifying, the hesitation or partiality manifested on the trial, or the like.” On this ground, it was decided that the judgment of the trying court could not be reversed upon a statement of the evidence, but that the facts resulting from the evidence should be stated by the trying court upon the record. But we have neither evidence nor facts: how then can we possibly say that the court below did wrong ? In the same case judge Roane says— “It is an important principle, that the revising court should have the same lights, and act upon-the same data, as the inferiour court. This is always so, where the case depends upon a question of law; for that ques *614 tion being permanently spread upon the record in the trying court, is carried up to all the revising tribunals. It is a further principle, equally important, that where this advantage is wanting in the revising court, the judgment of the court below will preponderate.” In the case before us, this advantage is wholly wanting; and if we reverse the judgment, it must be wholly in the'dark. We must say, that, no matter how strong was the opposing proof,—though the court below might know that the evidence of this new witness was contradicted four to one—, yet there was error in refusing the new trial. 1 cannot say this, but must say, with the court in Bennett v. Hardaway, that in my state of darkness as to the facts, the judgment of the court below must preponderate.
I am' for affirming the judgment.
Cabell, J.
This was an action of assumpsit by Kippers v. Callaghan; and a verdict having been found in favour of the plaintiff, a new trial Was moved for by the defendant, on the ground that, since the trial, he had discovered material evidence of which he had no knowledge at the trial. This motion was overruled; and the controversy now is as to the propriety of that decision.
It was contended by the counsel for the appellee, that a new trial ought never to be granted on the ground on which it was moved for in this case.
It must be admitted that there was formerly some contrariety of decision on this point; in proof of which I refer to 12 Mod. 584. and to the manuscript report of Walker v. Scott, Mich. 23 Geo. 2. found in Bac. Abr. Trial. L.—the former in favour of the exercise of the right; the latter against it.
But the case of Broadhead v. Marshall and wife ex’ors of Hagget, 2 W. Blacks. Rep. 955. seems to have settled the law on this subject. That was an action on *615 the case, by a coachmaker against the defendants who were executors, and who left the country after the suit was brought. They however left an attorney in the management of their affairs. A verdict having been obtained against them, a new trial was moved for, on the ground that the attorney had, since the trial, discovered a receipt for a considerable part of the plaintiff’s claim, signed by the plaintiff, in a memorandum book of the defendants which was in the custody of the attorney; but the attorney swore that at the time of the trial he did not know that he had such a receipt in his custody, nor that any receipt had been given bj the plaintiff to the defendants on any account whatever. A new trial was granted, “ on the special circumstances of the case, and on the discovery of the new and very material evidence above stated.” I do not find that the authority of this case has ever been questioned. On the contrary, it seems to have been regarded as having settled the law for all cases comiug within its principle. See Dod’s Bac. Abr. vol. 7. p. 784. 15 Petersd. Abr. 178. 2 Tidd’s Prac. 937. 2 Tucker’s Com. 297.
But although the court will sometimes exercise this power, it is exercised rarely and with great caution. It will not be exercised but under very special circumstances. Moreover, the party asking its exercise must shew that he was ignorant of the existence of the evidence, that he was guiltless of negligence, and that the new evidence, if it had been before the jury, ought to have produced a different verdict.
In the case before us, the court to which the motion was addressed, heard all the evidence, not only that discovered after the trial but that which was given to the jury; and that court decided against the new trial. It may, possibly, have erred ; and if it did err, it is our right and our duty, as an appellate court, to correct the error. But every judgment is taken to be correct, until it is shewn to be erroneous. How then stands this *616 case ? What is the proof afforded by this record, that the inferiour court has erred ? It gives us only the newly discovered evidence, which, if it was the only evidence in the case, would shew the verdict to be wrong. But other evidence was given to the jury; and that evidence may have justified the verdict, even if the newly discovered evidence had also been before the jury. It may have been proved, to the perfect satisfaction of the court and jury, that Callaghan was in fact a partner; in which case the verdict would be clearly right. We may readily conceive various other circumstances which would justify the verdict, notwithstanding the newly discovered evidence. In the absence of proof to the contrary, we must presume the verdict and judgment to be correct. The bill of exceptions should have stated not only the new evidence, but all the facts which the court-below considered as proved by the evidence given to the jury. If that had been done, this court would have the means ofi deciding whether the inferiour court erred or not. But it has not been done; and nothing is left to us, but to presume that the judgment is correct, and to affirm it accordingly.
Judgment affirmed.